Matter of Minkin v New York City Dept. of Educ. (2020 NY Slip Op 05141)





Matter of Minkin v New York City Dept. of Educ.


2020 NY Slip Op 05141


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Index No. 102028/2016 Appeal No. 11878-11878A Case No. 2019-2719, 2019-04295 

Before: Acosta, P.J., Friedman, Moulton, Shulman, JJ. 


[*1]In re Alina Esther Minkin, Petitioner-Appellant,
v
The New York City Department of Education, et al., Respondents-Respondents.


Stewart Lee Karlin Law Group, P.C., New York (Stewart Lee Karlin of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Nancy M. Bannon, J.), entered November 1, 2018, which granted respondents' cross motion to dismiss the petition to annul respondents' determination, effective August 11, 2016, to discontinue petitioner's employment as a probationary teacher, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs. Order, same court and Justice, entered June 14, 2019, which, to the extent appealed from as limited by the briefs, denied petitioner's motion to renew, unanimously affirmed, without costs.
Supreme Court properly found that petitioner failed to exhaust her administrative remedies with respect to the "ineffective" rating in her evaluation (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; Matter of Nayci Contr. Assoc., LLC v New York City Dept. Of Consumer Affairs, 170 AD3d 435 [1st Dept 2019]). Petitioner brought this article 78 proceeding while the underlying administrative appeal of her ineffective rating was still pending (Koch v New York State Div. of Human Rights, 84 AD2d 520 [1st Dept 1981], affd 55 NY2d 864 [1982]).
The court also properly determined that petitioner's challenge to the discontinuance of her probationary status was time-barred. The statute of limitations to challenge the decision expired on December 12, 2016, which was four months after the termination's effective date (August 11, 2016) (see e.g. Matter of Alleyne v Department of Educ. of the City of N.Y., 176 AD3d 462 [1st Dept 2019]; Matter of Zarinfar v Board of Educ. of the City School Dist. of the City of N.Y., 93 AD3d 466 [1st Dept 2012]).
Petitioner's motion to renew was properly denied. Such a motion must be based upon new facts that were not offered on the prior motion and that would change the prior determination, and petitioner, who presented no new relevant facts on the motion to renew, has failed to meet this standard (see CPLR 2221[e]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020